IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC; § § § Plaintiff, § § VS. § CONSTANCE KAZANJIAN; § § Defendant. § | § § § § § § CIVIL CASE NO. COMPLAINT FOR DECLARATORY JUDGMENT JURY DEMAND |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW PLAINTIFF ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC (RCDI) and complains of Defendant CONSTANCE KAZANJIAN for cause of action shows the following:

### PARTIES

1. Plaintiff is TEXAS CORPORATION headquartered in this Division of the Eastern District of Texas.

2. Defendant CONSTANCE KAZANJIAN is an individual resident of Miami-Dade County, Florida and may be served at her last known address: 10350 West Bay harbor Drive Apartment 8TUV Bay Harbor Island, Florida 33154.

### JURISDICTION AND VENUE

3. This Court has jurisdiction in this case pursuant to the Federal Declaratory Judgment Act, Title 28, U.S.C. 2201 and under Diversity 28 U.S.C. 1332(a)(2).

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 1 of 4**

4. Plaintiff's damages are in excess of the minimum jurisdictional limits of the Court.

5. Venue of this case is proper in the Sherman Division of the Eastern District of Texas because the incident made the basis of this suit occurred in Denton County, Texas, located within the boundaries of the Sherman Division of the Eastern District of Texas.

6. The U.S. District Court for the Eastern District of Texas has personal jurisdiction over the Defendant because the Defendant has done business in the this district and division, and many of the acts complained of and giving rise to the claims alleged herein occurred in Texas.

## FACTUAL BACKGROUND

7. Plaintiff is currently prosecuting patent litigation in the Northern District of Georgia, in Case No. 1:16-cv-01241; styled *Rothschild Connected Devices Innovations, LLC v. Coca-Cola Company* (Coca-Cola Lawsuit).

8. On April 2, 2021, Defendant, by and through her attorney John B. Agnetti, sent correspondence to Plaintiff's Counsel (Attached Exhibit A). In that letter Ms. Kazanjian claims a right to recovery either by trial or settlement 15% of the Coca-Cola Lawsuit.

9. Under Florida State Bar Rules, Plaintiff's Counsel is forced to segregate such funds until a court determines what rights if any Ms. Kazanjian has in those funds. Florida Bar Rule 5-1.1(f)[1]

---

[1] **Disputed Ownership of Trust Funds**. When in the course of representation a lawyer is in possession of property in which 2 or more persons (1 of whom may be the lawyer) claim interests, the property must be treated by the lawyer as trust property, but the

10. Plaintiff vehemently denies that Ms. Kazanjian would have any right under Texas Law to such proceeds.

## CAUSES OF ACTION

11. Plaintiff incorporates each and every allegation set forth in paragraph 7 – 10 as if set forth fully herein.

12. Based on these facts, an actual controversy exists between the Parties regarding the Defendant's purported interest in recovery in the Coca-Cola Lawsuit.

13. There is no agreement between the parties assigning any interest to that lawsuit or any settlement proceeds.  Likewise at no time did Defendant own any interest in Plaintiff, was she assigned any shares or interest in the company or has she held any position in the RCDI.

14. Defendant's claim that she is entitled to interest in the Coca-Cola lawsuit has forced Plaintiff's counsel to segregate such interest in any settlement or recovery under Florida law.   Florida Bar Rule 5-1.1(f)

15. An actual, present and justiciable controversy has arisen between the parties concerning Plaintiff's recovery in the Coca-Cola lawsuit.

16. Plaintiff seeks declaratory judgment from this Court that it is not required to segregate any interest in the Coca-Cola lawsuit to the benefit of the Defendant.

---

portion belonging to the lawyer or law firm must be withdrawn within a reasonable time after it becomes due unless the right of the lawyer or law firm to receive it is disputed, in which event the portion in dispute must be kept separate by the lawyer until the dispute is resolved. The lawyer must promptly distribute all portions of the property as to which the interests are not in dispute.

## PRAYER AND JURY DEMAND

17. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully DEMANDS TRIAL BY JURY AND requests that the Court:;

    a.    Enter judgment according to the declaratory relief sought;

    b.    All costs of court; and

    c.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**HIGDON LAWYERS**

**/s/Christopher D. Bertini**
**PAUL HIGDON**
State Bar No. 09590700
**CHRISTOPHER D. BERTINI**
State Bar No. 02256060 Fed. No. 12759
4900 Fournace Place, Suite 460
Bellaire, TX 77401
Tel:   (713) 223-7300
Fax:   (713) 223-7331
staff@higdonlawyers.com E-filing
chris@higdonlawyers.com

**ATTORNEY FOR PLAINTIFF**